IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSE OGG,

    Plaintiff,

    v.

CONNECTICUT GENERAL LIFE POLICY, et al.,

    Defendants.

No. CIV S-11-0789 KJM DAD PS

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

        This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Duplicative or repetitious litigation of

1

virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of then-numbered 28 U.S.C. § 1915(d)); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." Barapind v. Reno, 72 F. Supp.2d 1132, 1145 (E.D. Cal. 1999) (quoting Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). This is true even where the new complaint repeats the same claims but against new defendants. Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California, 487 F.3d 684, 692-93, 694 (9th Cir. 2007) (citation omitted).

On May 19, 2010, plaintiff filed a complaint in this court naming as defendants Cigna Group Insurance Company, Greyhound Lines Inc., Northern America Insurance Company, Northern Trust Company, Connecticut General Life, and Bankers Life Insurance Company.[1] See Ogg v. Cigna Group Insurance Company et. al., 10-cv-1218 KJM GGH. In the complaint filed in that earlier action plaintiff alleged that after her husband passed away she requested life insurance proceeds from his former employer, Greyhound, but was told that his life insurance policies terminated when he retired. See Case No. 10-cv-1218 KJM GGH, Doc. No. 1. Therein, plaintiff also alleged that the named defendants violated their duties to disclose to plaintiff the existence of the insurance policies and to pay benefits to her under those policies. (Id.) Based on those allegations, plaintiff sued the defendants identified above for breach of contract. (Id.) On September 13, 2010, plaintiff's complaint in her earlier filed action was dismissed with leave to file an amended complaint. See Case No. 10-cv-1218 KJM GGH, Doc. No. 3. However,

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  plaintiff did not file an amended complaint. Accordingly, on November 3, 2010, the assigned

2  Magistrate Judge issued findings and recommendations recommending that plaintiff's earlier

3  action be dismissed with prejudice. See Case No. 10-cv-1218 KJM GGH, Doc. No. 4. Those

4  findings and recommendations were adopted by John A. Mendez, U.S. District Judge on January

5  28, 2011, and that action was dismissed with prejudice. See Id., Doc. No. 6.[2]

6  On March 23, 2011, plaintiff filed the complaint now pending before this court.

7  Therein, plaintiff again names as a defendant Connecticut General Life Policy and also names

8  ESOP Western Greyhound Trust, American Express Life, Employee Welfare Benefit Plan, and

9  Greyhound Amalgamated Trust. (Compl. (Doc. No. 1) at 1.) In her complaint filed in this action

10 plaintiff again alleges that her deceased husband had life insurance policies acquired while

11 employed by Greyhound and that the named defendants violated their duties to disclose to

12 plaintiff the existence of these insurance policies and to pay benefits to her under the terms those

13 policies. (Id. at 2-3.) In this regard, plaintiff has again sued the named defendants for breach of

14 contract.[3] (Id.)

15 The undersigned finds no significant difference between the claims or available

16 relief between plaintiff's May 19, 2010 complaint filed in Case. No. 10-cv-1218 KJM GGH and

17 the March 23, 2011 complaint now pending before the court. There is also a substantial

18 similarity between the defendants named in both actions. Accordingly, the court finds that

19 plaintiff's March 23, 2011 complaint is duplicative of the complaint she filed on May 19, 2010 in

20 Case. No. 10-cv-1218 KJM GGH. As noted above, plaintiff's earlier filed action was dismissed

---

[2] After filing this new action, on May 6, 2011, plaintiff submitted an untimely amended complaint in Case. No. 10-cv-1218 KJM GGH. On May 11, 2011, the assigned Magistrate Judge issued an order noting that Case. No. 10-cv-1218 KJM GGH was closed on January 28, 2011 and that plaintiff's belated amended complaint would be placed in the file and disregarded. Case No. 10-cv-1218 KJM GGH, Doc. No. 9.

[3] Although plaintiff also makes reference to the "Civil Right (sic) Act 28 USC 1343" and to 42 U.S.C. § 1985 in her complaint, it is nonetheless apparent that the true cause of action being pursued by plaintiff in this action is for "defendants breach of contracts . . . ." (Compl. (Doc. No. 1) at 2.)

1  with prejudice.  Thus, plaintiff's claims have already been adjudicated on the merits and plaintiff
2  is barred from bringing a subsequent action alleging the same claims.  See Fed. R. Civ. P. 41(b);
3  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal or
4  prior action with prejudice based on plaintiff's failure to prosecute was an adjudication on the
5  merits for res judicata purposes); Johnson v. United States, Dep't of Treasury, 939 F.2d 820, 825
6  (9th Cir. 1991) (noting that dismissal for failure to prosecute is "treated as an adjudication on the
7  'merits' for purposes of preclusion."); see also Dupree v. Jefferson, 666 F.2d 606, 610 n.25 (D.C.
8  Cir. 1981) ("A dismissal with prejudice operates as an adjudication upon the merits, and
9  consequently operates to bar a later action.")

            Accordingly, IT IS HEREBY ORDERED that plaintiff's March 23, 2011
application to proceed in forma pauperis (Doc. No. 2) is granted.

            IT IS RECOMMENDED that:

            1. Plaintiff's March 23, 2011 complaint (Doc. No. 1) be dismissed with prejudice; and

            2. This action be dismissed.

            These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\ogg789.ifp.f&rs

4