IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSE OGG,

        Plaintiff,                    No. CIV S-11-0789 KJM DAD

     vs.

CONNECTICUT GENERAL LIFE POLICY, et al.,

        Defendants.              <u>ORDER TO SHOW CAUSE</u>

/

        On March 23, 2011, plaintiff Rose Ogg initiated the present action against Connecticut General Life Policy, ESOP Western Greyhound Trust, American Express Life, Employee Welfare Benefit Plan and Greyhound Amalgamated Trust (collectively, "defendants"). On May 17, 2011, the magistrate judge in the above-captioned matter issued findings and recommendations, recommending that this case be dismissed as duplicative of an earlier action that was dismissed for failure to prosecute when plaintiff failed to file an amended complaint. (*See* ECF No. 3.) The magistrate judge reasoned that the present complaint was substantively similar to plaintiff's previous suit, *Ogg v. Cigna Group Insurance Company et. al.*, 10-cv-1218 KJM GGH (the "previous action"), and therefore was barred by *res judicata*. (ECF No. 3.) This reasoning is supported by the complaint itself which seeks to "amend [the] complaint" (ECF No. 1 at 1) and repeats facts set forth in the prior complaint from the previous action. Moreover,

1

plaintiff admits the present action consists of "somewhat repetitious litigation with identical cause of action." (ECF No. 4.) Nevertheless, in order to bar plaintiff's present suit, *res judicata* requires that the presently named defendants be identical to the previously named defendants or in privity with them. *See Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th Cir. 2007). Here, Connecticut General Life Policy is named in the previous action and therefore *res judicata* clearly bars a renewed suit against it. In addition, plaintiff names Greyhound Lines, Inc. in the previous action, which likely stands in privity with the Greyhound entities named in the present action; however, the court is unable to make that determination on the record before it. The remaining entities, American Express Life and Employee Welfare Benefit Plan, are not named in the previous action. Plaintiff is ordered to show cause within fourteen (14) calendar days of this order why her present action is not completely barred by *res judicata* by clearly explaining the relationship (or lack thereof) of the presently named defendants to the defendants named in the previous action. Plaintiff is cautioned that if she does not respond to this order, the court will construe her lack of response as a concession that the defendants in the present action are identical to or in privity with the defendants named in the prior action. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir.2004) ("[t]he failure of the plaintiff eventually to respond to the court's ultimatum-either by amending the complaint or by indicating to the court that it will not do so-is properly met with the sanction of a Rule 41(b) dismissal.").

IT IS SO ORDERED.

DATED: January 26, 2012.

_____
UNITED STATES DISTRICT JUDGE