1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROSE OGG,

11            Plaintiff,                    No. CIV S-11-0789 KJM DAD

12        vs.

13   CONNECTICUT GENERAL LIFE
     POLICY, et al.,
14            Defendants.                   ORDER TO SHOW CAUSE

15   _____/

16            On March 23, 2011, plaintiff Rose Ogg initiated the present action against

17   Connecticut General Life Policy, ESOP Western Greyhound Trust, American Express Life,

18   Employee Welfare Benefit Plan and Greyhound Amalgamated Trust (collectively, "defendants").

19   On May 17, 2011, the magistrate judge in the above-captioned matter issued findings and

20   recommendations, recommending that this case be dismissed as duplicative of an earlier action

21   that was dismissed for failure to prosecute when plaintiff failed to file an amended complaint.

22   (*See* ECF No. 3.)  The magistrate judge reasoned that the present complaint was substantively

23   similar to plaintiff's previous suit, *Ogg v. Cigna Group Insurance Company et. al.*, 10-cv-1218

24   KJM GGH (the "previous action"), and therefore was barred by *res judicata*. (ECF No. 3.) This

25   reasoning is supported by the complaint itself which seeks to "amend [the] complaint" (ECF No.

26   1 at 1) and repeats facts set forth in the prior complaint from the previous action. Moreover,

1

1   plaintiff admits the present action consists of "somewhat repetitious litigation with identical

2   cause of action." (ECF No. 4.) Nevertheless, in order to bar plaintiff's present suit, *res judicata*

3   requires that the presently named defendants be identical to the previously named defendants or

4   in privity with them. *See Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th

5   Cir. 2007). Here, Connecticut General Life Policy is named in the previous action and therefore

6   *res judicata* clearly bars a renewed suit against it. In addition, plaintiff names Greyhound Lines,

7   Inc. in the previous action, which likely stands in privity with the Greyhound entities named in

8   the present action; however, the court is unable to make that determination on the record before

9   it. The remaining entities, American Express Life and Employee Welfare Benefit Plan, are not

10   named in the previous action. Plaintiff is ordered to show cause within fourteen (14) calendar

11   days of this order why her present action is not completely barred by *res judicata* by clearly

12   explaining the relationship (or lack thereof) of the presently named defendants to the defendants

13   named in the previous action. Plaintiff is cautioned that if she does not respond to this order, the

14   court will construe her lack of response as a concession that the defendants in the present action

15   are identical to or in privity with the defendants named in the prior action. *Edwards v. Marin*

16   *Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir.2004) ("[t]he failure of the plaintiff eventually to

17   respond to the court's ultimatum-either by amending the complaint or by indicating to the court

18   that it will not do so-is properly met with the sanction of a Rule 41(b) dismissal.").

19          IT IS SO ORDERED.

20   DATED:  January 26, 2012.

21   _____

22   UNITED STATES DISTRICT JUDGE

23

24

25

26

2